**RAZZANO WALSH & TORRES, P.C.**
Pan American Building, Suite 100
139 Murray Boulevard
Hagåtña, Guam 96910
Telephone No. (671) 989-3009
Facsimile No. (671) 989-8750

*Attorneys for Plaintiffs*
*William Hayes and Rie Yamashita Hayes*

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| WILLIAM HAYES and<br>RIE YAMASHITA HAYES,<br><br>        Plaintiffs,<br><br>vs.<br><br>COLLEN CALVO, [JOHN DOE 1],<br>JANE DOE 1], and<br>P.H.R. KEN MICRONESIA, INC.<br>dba HYATT REGENCY GUAM,<br><br>        Defendants. | Civil Case No.23-00012<br><br><br><br><br><br>COMPLAINT |

### JURISDICTION AND VENUE

1. Jurisdiction of the District Court of Guam over the subject matter of this Complaint is based on diversity pursuant to 28 USC § 1332. Plaintiffs are residents of Japan and sustained damages of $13,000,000.00, well in excess of this Court's diversity jurisdiction, exclusive of interest or costs. Defendants are citizens of Guam.

2. Venue is proper in this District because the Defendants reside in Guam and the tortious acts of Defendants occurred in Guam.

### PARTIES

3. Plaintiff WILLIAM HAYES ("Mr. Hayes") is an individual, and is now, and at all times mentioned in this Complaint was, a resident of Japan with

1

present address of 4-4-13 Takanawa, Minato-ku, Tokyo Garden Takanawa 501 and a citizen of the United States.

4. Plaintiff RIE YAMASHITA HAYES ("Mrs. Hayes") is an individual, and is now, and at all times mentioned in this Complaint was, a citizen and resident of Japan with present address of 4-4-13 Takanawa, Minato-ku, Tokyo Garden Takanawa 501.

5. Upon information and belief, Defendant COLLEN CALVO is an individual, and is now, and at all times mentioned in this Complaint was a resident of Guam.

6. Upon information and belief, Defendant JOHN DOE 1 is an individual, and the father of Defendant Calvo, and is now, and at all times mentioned in this Complaint was a resident of Guam, and is sued as John Doe because his identity is not yet known. If and when such identity becomes known, Plaintiffs will amend their Complaint.

7. Upon information and belief, Defendant JANE DOE 1 is an individual, and the mother of Defendant Calvo, and is now, and at all times mentioned in this Complaint was a resident of Guam, and is sued as Jane Doe 1 because her identity is not yet known. If and when such identity becomes known, Plaintiffs will amend their Complaint.

8. Upon information and belief, Defendant P.H.R. KEN MICRONESIA, INC. ("PHR") is a Guam corporation duly organized under the laws of Guam with present address of 231 Ypao Road, Suite 101 Ernst & Young Building Tamuning, Guam 96913 and does business as Hyatt Regency Guam.

## GENERAL ALLEGATIONS

9. Plaintiffs Mr. Hayes and Mrs. Hayes are married.

10. On February 4, 2023, Plaintiffs arrived in Guam from Japan.

11. While on Guam, Plaintiffs stayed at the Hyatt Regency Guam Hotel in Tumon (the "Hyatt").

12. The Hyatt is owned by Defendant PHR and does business as Hyatt Regency Guam.

13. On February 4, 2023, the Hyatt hosted a wedding reception.

14. Upon information and belief, Defendant Collen Calvo is a minor.

15. Defendant John Doe 1 is the father of Defendant Collen.

16. Defendant Jane Doe 1 is the mother of Defendant Collen.

17. Defendants Collen, John Doe 1, and Jane Doe 1 were guests of that wedding reception.

18. Sometime after 11:00p.m. on February 4, 2023, Plaintiffs were walking back to the Hyatt and entered the Hyatt through the side doors near the ballroom area.

19. The wedding reception attended by Defendants Collen, John Doe 1, and Jane Doe 1 had ended, but Defendant Collen was still present with other individuals.

20. Upon information and belief, Defendants John Doe 1, and Jane Doe 1 were also still present.

21. As Plaintiffs were passing the wedding reception that had just ended, Plaintiffs congratulated the crowd present and made small talk with individuals in the area as they made their way to the hotel elevators.

22. One such individual that Plaintiffs talked with was Defendant Collen Calvo.

23. Defendant Calvo was wearing a Yankees hat, and Mr. Hayes joked to Defendant Calvo that he was a Red Sox fan, and therefore, he did not like his hat.

24. Moments after saying this joke, Mr. Hayes was viciously struck on the side of his head by Defendant Calvo.

25. Mr. Hayes fell unconscious.

26. Eventually, Hyatt security personnel come to the area.

27. When Mr. Hayes regained consciousness, he immediately felt intense head, neck, and hip pain.

3

Case 1:23-cv-00012    Document 1    Filed 04/24/23    Page 3 of 13

28. Mr. Hayes was also spitting out several bits of teeth and dental work.

29. Mr. Hayes' face was also very swollen.

30. When the ambulance finally arrived at the Hyatt, Mr. Hayes was transported to the Guam Memorial Hospital Authority (GMHA).

31. At GMHA, Mr. Hayes was taken to an exam room, and Dr. Johnny Kim took vital statistics and ordered various medical scans.

32. Dr. Johnny Kim also checked Mr. Hayes' mouth because Mr. Hayes was spitting out bits of teeth and dental work.

33. Mr. Hayes was eventually discharged, and he returned to the Hyatt.

34. On February 6, 2023, Mr. Hayes went to see Doctor Vince Akimoto to seek further medical treatment for the extreme pain caused by Defendant Calvo.

35. Dr. Akimoto sedated Mr. Hayes and ordered various medical scans.

36. Eventually, Mr. Hayes was diagnosed with a concussion and post-concussion syndrome.

37. The medical scans also revealed that the attack on Mr. Hayes aggravated an existing condition that had not been an issue for the past 8 years.

38. Mr. Hayes has a degenerative condition caused by previous sports activities.

39. After the incident, the degenerative condition was exacerbated.

40. Doctor Akimoto recognized that Mr. Hayes' degenerative condition was exacerbated when he saw Mr. Hayes.

41. This has also been diagnosed by Mr. Hayes' doctor in Japan, Dr. Cammack, at the Tokyo Medical and Surgical Clinic.

42. After returning to the hotel, Mr. Hayes' neck had developed black, blue, and yellow contusions that resembled the injuries someone may have when choked by another individual.

43. Mr. Hayes also had a large bruise on his hip.

44. Mr. Hayes has had numerous brain scans (MRI and CT) to completely identify and address all of his medical issues.

45. When he returned to Japan, Mr. Hayes had weekly check-ups with his doctor to assess the status of his injuries.

46. Because of the injury caused by Defendant Calvo, Mr. Hayes also now suffers from memory loss problems, blurred vision, loss of mental stamina, losing patience easily, difficulty sleeping, and depression.

47. After the attack and while on Guam, Mr. Hayes has also developed a sense of paranoia that causes him to always look over his shoulder and avoid interactions with people.

48. As of the date of filing of this Complaint, Mr. Hayes has returned to work but in a very limited way—substantially below the number of hours and capability he used to work prior to the injuries he has suffered.

49. It is currently unknown when Mr. Hayes will be able to perform all of his duties to a level he was able to before the injuries he has suffered.

## COUNT ONE: ASSAULT AND BATTERY AGAINST DEFENDANT COLLEN CALVO

50. Plaintiffs re-allege paragraphs 1 to 49 above.

51. Defendant Calvo intentionally struck Mr. Hayes that resulted in harmful contact to the side of Mr. Hayes' head.

52. Mr. Hayes did not consent to be struck by Defendant Calvo.

53. As a result of being intentionally struck by Defendant Calvo, Mr. Hayes has suffered intense pain to his head, neck, and hip.

54. As a result of being intentionally struck by Defendant Calvo, Mr. Hayes has suffered broken teeth and dental work.

55. Mr. Hayes also has mouth and jaw sensitivity, and he has not been able to eat normally.

56. For about a month after returning to Japan, Mr. Hayes could only eat soft, flat, or easy-to-chew foods to minimize the pain he has while eating.

5

Case 1:23-cv-00012    Document 1    Filed 04/24/23    Page 5 of 13

57. As a result of being intentionally struck by Defendant Calvo, Mr. Hayes has had to undergo extensive medical treatment.

58. As a result of being intentionally struck by Defendant Calvo, Mr. Hayes has had to miss work.

59. As a result of being intentionally struck by Defendant Calvo, Mr. Hayes has had a prior medical condition resurface.

60. As a result of being intentionally struck by Defendant Calvo, Mr. Hayes is now suffering from memory loss, loss of mental stamina, difficulty sleeping, and depression.

61. As a result of by Defendant Calvo's assault and battery upon Mr. Hayes, Mr. Hayes has suffered damages in an amount to be proven at trial, but in no event shall that amount be less than $10,000,000.00.

## COUNT TWO: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT COLLEN CALVO

62. Plaintiffs re-allege paragraphs 1 to 61 above.

63. Mr. Hayes' statement rooted in the well-known Yankees and Red Sox rivalry to Defendant Calvo was made as a friendly joke.

64. In response to that joke, Defendant Calvo engaged in extreme and outrageous behavior by responding with an assault and battery upon Mr. Hayes.

65. Defendant Calvo struck Mr. Hayes and gave no warning to Mr. and Mrs. Hayes that he would attack Mr. Hayes.

66. By striking Mr. Hayes in response to a joke, Defendant Calvo intended to cause or recklessly disregarded the probability of causing emotional distress to Mrs. Hayes.

67. Because of Defendant Calvo's assault and battery upon her husband, Mrs. Hayes suffered extreme emotional distress to see her husband fall to the floor and suffer severe injuries.

68. Mrs. Hayes visited Guam to renew her U.S. re-entry visa, and the Hayes chose Guam because it was the closest U.S. location to Japan and it was a tourist-friendly destination.

69. To see her husband be struck by an individual because of a joke caused her severe emotional distress.

70. To see Mr. Hayes suffer from prolonged and lingering injuries caused by Defendant Calvo's assault and battery have also caused her severe emotional distress.

71. Defendant Calvo's assault and battery upon Mr. Hayes is the actual and proximate cause of Mrs. Hayes' emotional distress.

72. As a result of by Defendant Calvo's intentional infliction of emotional distress upon Mrs. Hayes, Mrs. Hayes has suffered damages in an amount to be proven at trial, but in no event shall that amount be less than $1,000,000.00.

## COUNT THREE: NEGLIGENCE AGAINST DEFENDANTS JOHN DOE 1 and JANE DOE 1

73. Plaintiffs re-allege paragraphs 1 to 72 above.

74. As parents to Defendant Calvo who committed assault and battery against Mr. Hayes, Defendants John Doe 1 and Jane Doe 1 occupy a special relationship with Defendant Calvo.

75. As parents to Defendant Calvo, Defendants John Doe 1 and Jane Doe 1 have a duty to exercise reasonable care so to control their minor child, Defendant Calvo, as to prevent Defendant Calvo from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them.

76. Upon information and belief, Defendants John Doe 1 and Jane Doe 1 knew or had reason to know that they have the ability to control their minor child, Defendant Calvo.

77. Upon information and belief, Defendants John Doe 1 and Jane Doe 1, as guests to the wedding party, knew or should have known of the necessity and opportunity to control Defendant Calvo.

78. Upon information and belief, Defendants John Doe 1 and Jane Doe 1 were in a position near Defendant Calvo to prevent him from striking Mr. Hayes.

79. Upon information and belief, Defendants John Doe 1 and Jane Doe 1 knew of Defendant Calvo's propensity to commit violent or harmful acts.

80. If Defendants John Doe 1 and Jane Doe 1 exercised that necessity and opportunity to control Defendant Calvo when they knew he had a propensity to commit violent or harmful acts towards others, Defendant Calvo would not have struck Mr. Hayes.

81. The breach of their duty to control Defendant Calvo was the actual and proximate cause of Mr. Hayes' injuries.

82. As a result of the negligence of Defendants John Doe 1 and Jane Doe 1, Mr. Hayes suffered damages in an amount to be proven at trial, but in no event shall that amount be less than $10,000,000.00.

## COUNT FOUR: NEGLIGENCE AGAINST DEFENDANT PHR

83. Plaintiffs re-allege paragraphs 1 to 82 above.

84. As the venue for the wedding party, Defendant PHR had a duty to exercise reasonable care to protect Plaintiffs from harm caused by third parties on its premises.

85. Defendant PHR had a duty to provide adequate security and protect its guests.

86. In spite of numerous requests to explain what had happened, Defendant PHR refused to speak with Plaintiffs about the incidents.

87. Defendant Calvo was part of the crowd who stayed during the winding down of the wedding party.

88. As the wedding party was winding down, Defendant PHR should have staffed security and/or hotel personnel to monitor the winding down of the wedding party.

89. It is likely that many guests at this point in the night were intoxicated from the alcohol sold and served at the wedding party.

90. Defendant PHR breached that duty when they failed to provide security and/or hotel personnel who could have stopped Defendant Calvo from attacking Mr. Hayes.

91. If Defendant PHR provided adequate security and/or hotel personnel to monitor the winding down, Mr. Hayes would not have been attacked by Defendant Calvo.

92. Defendant PHR's breach of its duties is the proximate cause of Mr. Hayes' injuries.

93. As a result of the negligence of Defendant PHR, Mr. Hayes suffered damages in an amount to be proven at trial, but in no event shall that amount be less than $10,000,000.00.

## COUNT FIVE: NEGLIGENCE:
### FAILURE TO CARE FOR GUESTS AND PROVIDE INFORMATION AGAINST DEFENDANT PHR

94. Plaintiffs re-allege paragraphs 1 to 93 above.

95. The Hyatt had a duty to ensure that Mr. Hayes could access information regarding his attack to allow his treating physicians to provide the best medical care possible.

96. The Hyatt breached this duty of care by failing to provide information about the attack and individuals involved upon request by Mr. and Mrs. Hayes.

97. Instead, the Hyatt concealed the video tape evidence of the attack.

98. In fact, the Hyatt continues to refuse to provide the video of the attack.

99. The video would reveal important information that Mr. Hayes' physicians need to treat Mr. Hayes.

100. This breach of their duty resulted in damages to Mr. and Mrs. Hayes.

101. As a result of the negligence of Defendant PHR, Mr. Hayes suffered damages in an amount to be proven at trial, but in no event shall that amount be less than $10,000,000.00.

### COUNT SIX: LOSS OF CONSORTIUM
### AGAINST ALL DEFENDANTS

102. Plaintiffs re-allege paragraphs 1 to 101 above.

103. As set forth above, Mr. Hayes has suffered numerous injuries caused by Defendant Calvo's assault and battery.

104. As set forth above, Mr. Hayes has suffered numerous injuries caused by the negligence of Defendants John Doe 1 and Jane Doe 1.

105. As set forth above, Mr. Hayes has suffered numerous injuries caused by the negligence of Defendant PHR.

106. As a result of Mr. Hayes' injuries, Mrs. Hayes has suffered a loss of Mrs. Hayes' spousal services, companionship, and sexual relations.

107. Prior to Mr. Hayes' injuries, Mrs. Hayes enjoyed routine love and affection from her husband, Mr. Hayes.

108. Prior to Mr. Hayes' injuries, Mr. and Mrs. Hayes routinely engaged in sexual intimacy.

109. Prior to Mr. Hayes' injuries, Mr. Hayes also cooked on weekends and assisted with extracurricular activities of the children.

110. Often, Mr. Hayes has been unable to get out of bed because of the pain and constant headaches he suffers prevents him from leaving his bedroom and assisting with household duties.

111. Mr. Hayes' constant doctor and hospital visits also has prevented him from assisting with household duties.

112. Prior to Mr. Hayes' injuries, Mr. and Mrs. Hayes routinely participated in companionship activities such as eating out, socializing, driving around with his spouse, and skiing.

113. While Mr. Hayes has been cleared to drive by his doctor, Mr. Hayes does not feel comfortable driving because of the many issues he is suffering.

114. Additionally, Mr. Hayes has not returned to socializing with friends because he has also developed a sense of paranoia that causes him to always feel like he has to look over his shoulder.

115. Mr. Hayes has had trouble doing basic leisurely activities such as eating a hamburger or drinking a beer with his wife.

116. Because of Mr. Hayes' injuries, Mrs. Hayes was unable to enjoy the spousal services, companionship, and sexual relations as set forth above that Mrs. Hayes and Mr. Hayes enjoyed prior to Mr. Hayes' injuries.

117. Defendants caused Mrs. Hayes to suffer a loss of consortium that resulted in damages in an amount to be proven at trial, but in no event shall that amount be less than $1,000,000.00.

## COUNT SEVEN: LOSS OF CONSORTIUM AGAINST DEFENDANT COLLEN CALVO

118. Plaintiffs re-allege paragraphs 1 to 117 above.

119. As set forth above, Mrs. Hayes has suffered severe emotional distress caused by Defendant Calvo's assault and battery upon her husband.

120. Prior to Mrs. Hayes' severe emotional injuries, Mr. Hayes enjoyed routine love and affection, companionship, and sexual relations from his wife.

121. Prior to Mrs. Hayes' injuries, Mr. and Mrs. Hayes routinely engaged in sexual intimacy.

122. Because of Mrs. Hayes' injuries, Mr. Hayes was unable to enjoy the spousal services, companionship, and sexual relations as set forth above that Mrs. Hayes and Mr. Hayes enjoyed prior to Mrs. Hayes' injuries.

123. Defendants caused Mr. Hayes to suffer a loss of consortium that resulted in damages in an amount to be proven at trial, but in no event shall that amount be less than $1,000,000.00.

## PRAYER FOR RELIEF

1. For Count One, enter judgment in favor of Plaintiff in the amount of $10,000,000.00;

2. For Count Two, enter judgment in favor of Plaintiff in the amount of $1,000,000.00;

3. For Count Three, enter judgment in favor of Plaintiff in the amount of $10,000,000.00;

4. For Count Four, enter judgment in favor of Plaintiff in the amount of $10,000,000.00;

5. For Count Five, enter judgment in favor of Plaintiff in the amount of $10,000,000.00.

6. For Count Six, enter judgment in favor of Plaintiff in the amount of $1,000,000.00;

7. For Count Seven, enter judgment in favor of Plaintiff in the amount of $1,000,000.00;

8. Total money damages for Counts One – Seven equal $13,000,000.00;

9. Award costs to bring this action;

10. Award interest for pre- and post-judgment interest;

11. Award attorney's fees as allowed by law; and

12. Award such other and further relief as this Court may deem just and proper.

///

///

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in the above entitled action.

*Respectfully submitted* on April 24th, 2023.

RAZZANO WALSH & TORRES, P.C.

By: /s/ Joseph C. Razzano
JOSEPH C. RAZZANO
*Attorneys for Plaintiffs*
*William Hayes and*
*Rie Yamashita Hayes*
