# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| WILLIAM HAYES and RIE YAMASHITA HAYES,<br><br>Plaintiffs,<br><br>vs.<br><br>C.C.,[1] GERREN GABRIEL, CARLENE SANTOS, P.H.R. MICRONESIA, INC. d/b/a HYATT REGENCY GUAM, and P.H.R. KEN MICRONESIA, INC.,<br><br>Defendants. | CIVIL CASE NO. 23-00012<br><br>**ORDER GRANTING THE PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE** |

      Before the court is Plaintiff William Hayes and Plaintiff Rie Yamashita Hayes' Motion to Dismiss Case Without Prejudice. Mot., ECF No. 68. The court has reviewed the record, the relevant case law, and deems this matter suitable for submission without oral argument.

      The court hereby **GRANTS** the Plaintiffs' Motion to Dismiss **WITHOUT** prejudice. The court hereby **DENIES** the P.H.R. Defendants' request for attorney's fees and costs if the court were to dismiss without prejudice.

//

//

//

---

[1] Defendant C.C. is a minor and, therefore, the court will refer to him only by his initials pursuant to Federal Rule of Civil Procedure 5.2(a)(3).

I.  Background

On December 21, 2023, the Plaintiffs filed a Second Amended Complaint[2] against Defendants C.C., Gerren Gabriel, Carlene Santos,[3] P.H.R. Micronesia, Inc. dba Hyatt Regency Guam, and P.H.R. Ken Micronesia, Inc. Am. Compl., ECF No. 21. Therein, the Plaintiffs allege that on February 4, 2023, Defendant C.C. assaulted Mr. Hayes at the Hyatt Regency Guam Hotel and as a result sustained injuries and aggravated pre-existing medical conditions. Am. Compl. at 3, ECF No. 21. The Plaintiffs further allege that due to the injuries sustained in the assault, Mr. Hayes suffers from memory loss, blurred vision, loss of mental stamina, lack of patience, difficulty sleeping, depression, and paranoia. *Id.* at 6.

The Plaintiffs allege the following counts against the Defendants: Assault and Battery Against Defendant C.C. (Count 1); Intentional Infliction of Emotional Distress Against Defendant C.C. (Count 2); Negligence Against Defendants Gerren Gabriel and Carlene Santos (Count 3); Negligence Against Defendants P.H.R. Micronesia, Inc. dba Hyatt Regency Guam and P.H.R. Ken Micronesia, Inc. (collectively, the "P.H.R Defendants") (Count 4); Negligence: Failure to Care for Guests and Provide Information Against the P.H.R. Defendants (Count 5); Loss of Consortium Against All Defendants (Count 6); Loss of Consortium Against Defendant C.C. (Count 7); Negligence *Per Se*: Violation of 11 GUAM CODE ANN. § 3419 Against the P.H.R. Defendants (Count 8); and Social Host Liability Against the P.H.R. Defendants (Count 9). *Id.* at 6-15. The Plaintiffs requested relief in the amount of $13,000,000.00. *Id.* at 1, 16.

---

[2] The Plaintiffs filed the original complaint on April 24, 2023. Compl., ECF No. 1. On May 17, 2023, the Plaintiffs filed an Amended Complaint adding P.H.R. Micronesia, Inc. as a Defendant. Am. Compl., ECF No. 4. On December 21, 2023, the Plaintiffs filed a Second Amended Complaint to include jurisdictional facts and additional causes of actions. Am. Compl., ECF No. 21.

[3] Defendant Gabriel is Defendant C.C.'s father and Defendant Santos is Defendant C.C.'s mother. Am. Compl. at 3, ECF No. 21.

On April 17, 2024, the Plaintiffs filed a Motion to Temporarily Stay Proceedings. Mot., ECF No. 50. The Plaintiffs asked the court to stay the case for 90 days due to their move from Japan to the United States and to give them time to seek new counsel.[4] *Id.* at 1-2. The Defendants opposed, ECF Nos. 53, 55, and the court denied the stay. Order, ECF No. 66.

As a result, the Plaintiffs filed the instant Motion to Dismiss Case Without Prejudice. Mot., ECF No. 68. The Plaintiffs provided various reasons for the dismissal to include the need for additional time because they are relocating from Japan to the United States. *Id.* It appears that the Plaintiffs are also attempting to settle the case, if they can. at 2-4. They are also in search of an attorney to represent them.

On July 15, 2024, Defendant C.C. filed a response arguing that the case should be dismissed with prejudice. Non-Obj., ECF No. 69. On July 16, 2024, the P.H.R. Defendants filed a response stating that they did not oppose dismissal without prejudice on the condition that the court impose attorney fees and costs. Response, ECF No. 70. The P.H.R. Defendants assert that, if the Plaintiffs do not want to pay the P.H.R. Defendants' legal fees, the Plaintiffs should move to dismiss the case with prejudice. *Id.*

I.  **Jurisdiction**

A court has diversity jurisdiction when (1) the amount in controversy is more than $75,000.00; and (2) the parties are citizens of different states or citizens of a state and citizens of a foreign state. *See* 28 U.S.C. § 1332(a). Diversity jurisdiction is satisfied here because (1) the amount in controversy is $13,000,000.00; and (2) the Plaintiffs are residents of Japan[5] and the

---

[4] The Plaintiffs were originally represented by Attorney Joe Razzano. Order, ECF No. 62. On May 9, 2024, the court granted Attorney Razzano's Motion to Withdraw as counsel due to a breakdown in communication between counsel and the Plaintiffs. *Id.*

[5] The Plaintiffs are currently living in Japan due to Mr. Hayes' temporary work assignment. Am. Compl. at 2, ECF No. 21. The Plaintiffs have no intention of staying permanently or indefinitely in Japan. *Id.* Mr. Hayes is registered

Defendants are all domiciled in Guam. *Id.*

## II. Discussion

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). A district court should grant voluntary dismissal "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). The merits of a plaintiff's case may have "some relevance," however, the Ninth Circuit "has not decided whether a plaintiff's good faith in bringing and pursuing the action to the point of dismissal is a factor to consider." *Williams v. Peralta Cmty Coll. Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. 2005).

When confronted with a voluntary motion to dismiss, district courts in the Ninth Circuit consider the following: (A) "whether to allow the dismissal;" (B) "whether the dismissal should be with or without prejudice;" and (C) "what terms and conditions, if any, should be imposed." *Id.* (quoting *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd. sub nom Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1996)) and *see Deleon v. City of San Diego*, No. 23CV833-JM-DDL, 2024 WL 3798386, at *5 (S.D. Cal. Aug. 12, 2024) (applying the factors courts use to determine whether to grant a plaintiff's voluntary motion dismiss pursuant to Rule 41(a)(2) provided in *Burnette*, 828 F. Supp. at 1443).

The Plaintiffs are currently *pro se* and the court affords *pro se* litigants some latitude when determining whether to grant or deny a request brought under Rule 41(a)(2). *See Segal v. Segal*,

---

to vote in Florida, pays his taxes in Florida, and has a Florida driver's license. *Id.* Mrs. Hayes is a green cardholder and has a Florida driver's license. *Id.* The Plaintiffs allege that by September 2025 they will be living in the United States of America. *Id.*

After the filing of the motion to dismiss, as of July 26, 2024, Plaintiffs have already relocated to the United States (*see* ECF 74).

No. 20-CV-1382-BAS-JLB, 2022 WL 848324, at *5 (S.D. Cal. Mar. 22, 2022) (citing *Allen v. United States*, 277 F.R.D. 221, 224 (D.D.C. 2011)).

### A. Whether to allow dismissal

As noted above, a plaintiff's motion for voluntary dismissal should be granted unless plain legal prejudice will result. *Smith*, 263 F.3d at 975. "[L]egal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Id*. at 975 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). A defendant's "[u]ncertainty because a dispute remains unresolved" or because "the threat of future litigation . . . causes uncertainty" does not amount to a legal prejudice. *Id.* (quoting *Westlands*, 100 F.3d at 96-97). In addition, "plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff may gain a tactical advantage by that dismissal[.]" *Id.* (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145). The expenses incurred by a defendant for defending a lawsuit does not qualify as a legal prejudice. *Williams*, 227 F.R.D. at 540.

The Defendants have not shown that they would suffer prejudice to "some legal interest, some legal claim, or some legal argument." *Westlands*, 100 F.3d at 97. Thus, the court finds that dismissal is appropriate here.

### B. Whether the dismissal should be with or without prejudice

Under Rule 41(a), the court has discretion to dismiss a case with prejudice even if the plaintiff moves for dismissal without prejudice. FED. R. CIV. P. 41(a) and *see Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002) ("Rule 41 vests the district court with discretion to dismiss an action at the plaintiff's instance 'upon such terms and conditions as the court deems proper.' That broad grant of discretion does not contain a preference for one kind of dismissal or another.")

In deciding whether to grant a dismissal with or without prejudice, district courts in this circuit have considered whether it would be equitable or prejudicial to the defendant to allow the plaintiff to refile a complaint. *Burnette*, 828 F. Supp. at 1443. The court looks to three factors in its determination: "(1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Id*. at 1443-44 (internal quotation marks and citation omitted). The court finds that dismissal without prejudice is appropriate for the reasons explained below.

### 1. The Defendants' efforts and expenses involved in preparing for trial

The court finds that the first factor weighs in favor of dismissal without prejudice because the case is in the early stages of litigation. "Courts look at how far proceedings have progressed to determine effort and expense by defendants." *Telegram Messenger Inc. v. Lantah, LLC*, No. 18-CV-02811-CRB, 2020 WL 5074399, at *3 (N.D. Cal. Aug. 24, 2020) (citing *Fraley v. Facebook, Inc.*, No. 11-CV-01726-LHK, 2012 WL 893152, at *2 (N.D. Cal. Mar. 13, 2012) and *Williams*, 227 F.R.D. at 539-40).

The litigation in this case is in the early phases of trial preparation. Just like in any typical litigation, the court recognizes that Defendants have done work to defend themselves in this suit. They spent time on discovery, responding to the complaint, among other things. However, looking at the bigger scheme of things, this case is only in its initial stages.

Trial and associated trial documents are not due until Spring of 2025. *See* Order, ECF No. 57. Motion deadlines have also not passed. For example, discovery motions are not due until November 20, 2024, while dispositive motions are not due until January 3, 2025. *See id*. Similarly, most disclosure deadlines have also not passed, some not being due until later this year or early

next year. *See id.* Accordingly, this case has not progressed to the point of it being trial ready and the court finds that this weighs in favor of dismissal without prejudice.

### 2. Excessive delay and lack of due diligence on the part of the Plaintiffs in prosecuting the action

The court finds that the second factor weighs in favor of dismissal without prejudice because there has not been excessive delays and the Plaintiffs have been diligent in prosecuting the action.

While the original complaint was filed a year ago, there have not been excessive delays, and any delays that have occurred have been for good reason. The Plaintiffs amended their complaint two times, the first time to add P.H.R. Micronesia, Inc. as a Defendant. Am. Compl., ECF No. 4. The second time was the result of the court orally ordering the Plaintiffs to file a brief on the issue of subject matter jurisdiction, specifically, on the question of diversity jurisdiction. Min., ECF No. 11. The Plaintiffs filed their brief and, thereafter, moved to amend the complaint for a second time to add jurisdictional facts and additional causes of action. Mots., ECF Nos. 12 and 14. The court granted the motion, and the Second Amended Complaint was filed on December 21, 2023. Order, ECF No. 19 and Am. Compl., ECF No. 21. The court finds the delays due to amending the complaint are not excessive and it demonstrates that the Plaintiffs have been diligently prosecuting this action.

The P.H.R. Defendants argue that this case is over a year old and that the Plaintiffs missed their discovery response deadline of April 19, 2024, and failed to respond to the P.H.R. Defendants and Defendant C.C.s' respective discovery requests. Response at 3, ECF No. 70. Defendant C.C. argues that he had to propound discovery due to the Plaintiffs' Motion to Temporarily Stay the Proceedings and that he has had to expend extra time to review the Plaintiffs' responses to discovery because the responses were "unsigned, unverified, incomplete, and otherwise inadequate

in many ways." Non-Obj., ECF No. 69. Defendant C.C. argues that more time will be required to review the Plaintiffs' inadequate discovery responses. *Id.*

With respect to the Plaintiffs missing the April 19, 2024 discovery deadline, the court finds that there were valid reasons for that delay. On June 3, 2024, the Plaintiffs filed a letter responding "to documents and specific statements" made by Defendant C.C.'s attorney and the P.H.R. Defendants' attorney. Letter, ECF No. 65. Therein, the Plaintiffs alleged that they are *pro se* and "have been actively completing with best efforts and in good faith" the Defendants' discovery requests. *Id.* at 5. The Plaintiffs alleged that they only received access to all the case documents on May 31, 2024, some of which were provided to the Plaintiffs for the first time. *Id.* The Plaintiffs also alleged that they have spent "countless hours" preparing discovery. *Id.* On June 4, 2024, the court held a status hearing on the issue of outstanding discovery and Defendant C.C. and the P.H.R. Defendants' Motion for Sanctions against the Plaintiffs for failing to comply with discovery requests. Min. at ECF 67. The court denied the Motion for Sanctions, ordered the Plaintiffs to comply with the discovery requests by June 28, 2024, and the Plaintiffs served their discovery responses by the court ordered deadline. Order, ECF No. 66 and Non-Obj., ECF No. 69, Resp., ECF No. 70. The court finds that the late service of the discovery responses does not amount to excessive delay.

The court also finds that the Plaintiffs have been active and diligent in prosecuting their case, based on their filings and participation in court proceedings.

The court finds that the second factor weighs in favor of dismissal without prejudice.

### 3. Sufficient explanation of the need to take a dismissal

The Plaintiffs provided sufficient explanation for their motion to dismiss without prejudice. One of the biggest reasons, which this court finds compelling, is the fact that they are in the middle

of relocating from a foreign country back to their home state of Florida.[6] Mot. at 4, ECF No. 68. This involves logistics in relocating an entire family, adjusting the family to a new environment, employment search, and the many other things involved in a relocation. *Id.* The second biggest reason is that the Plaintiffs attempts to secure counsel in Guam have been unsuccessful. *Id.* The Plaintiffs provided other reasons, which this court finds to be minor, such as a failed attempt at settlement or failed attempt to reach one of the Defendants' counsel. *Id.* at 2-4. But ultimately, the two main reasons the Plaintiffs provided is more than sufficient for this court to grant a dismissal without prejudice.

Dismissing the case with prejudice would be "unduly harsh." *Thompson v. Arizona*, No. CV-10-8001-PCT-DGC, 2010 WL 3400512, at *1 (D. Ariz. Aug. 26, 2010) (finding that a *pro se* plaintiff's explanation that her case should be dismissed without prejudice, pursuant to Rule 41(a)(2), because she has been unable to secure counsel, "is without legal resources and knowledge necessary to prosecute the case, and that she cannot financially or emotionally proceed with the case pro se" to be sufficient).

### C.  What terms and conditions, if any, should be imposed

The purpose of Rule 41(a)(2) is to allow "a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, or unfairly affected by dismissal." *Stevedoring*, 889 F.2d at 921. When a court grants a voluntary dismissal, attorney fees and costs may be imposed on a plaintiff as a condition of dismissal without prejudice, however, it is not mandatory. *Williams*, 227 F.R.D. at 540 (quoting *Westlands*, 100 F.3d at 97). A court should only award fees and costs to a defendant for work that cannot be used in an ongoing or future litigation in order to protect a

---

[6] At the time of this court decision, Plaintiffs have already relocated to the United States. However, this does not change the fact that Plaintiffs were faced with the difficulties of relocating.

defendant from incurring double attorney fees and costs in the event of a second action. *Woytenko v. Ochoa*, No. CV-19-00413-TUC-DCB, 2021 WL 763879, at *5 (D. Ariz. Feb. 26, 2021).

A court looks to the following factors when determining whether to award attorney fees and costs when granting a voluntary dismissal without prejudice: "(1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Telegram Messenger Inc.*, 2020 WL 5074399, at *4 (quoting *Williams*, 227 F.R.D. at 540). The merits of a plaintiff's case may have some relevance to the determination. *Williams*, 227 F.R.D. at 540.

The court finds that an award of attorney fees and costs is not warranted. As to the first factor, it is likely that the discovery gathered up until this point in the litigation will be useful in a second action. *See Quismundo v. Trident Socy., Inc.*, No. 317CV1930CABWVG, 2018 WL 1963782, at *3 (S.D. Cal. Apr. 25, 2018) (holding that "most of the work performed will remain useful in" a second litigation). Defendant C.C. argues that the discovery responses received from the Plaintiffs are inadequate. Non-Obj., ECF No. 69. However, Defendant C.C. has not asserted that the discovery cannot be used in a future litigation. *See Westlands*, 100 F.3d at 97 ("[T]he defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims."). Any discovery already gathered and prepared will likely still be used in any second litigation and therefore, Defendants will not be incurring expenses for duplicative work.

The same analysis that the court applied above in deciding whether to grant a dismissal with or without prejudice, which considered three factors, "(1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal[,]"

applies to the factors 2, 3, and 4 in this Section C. *Burnette*, 828 F. Supp. at 1443-44 (internal quotation marks and citation omitted). In sum, the court finds that factors 2, 3, and 4 weigh against imposing attorney fees and costs on the Plaintiffs. For factors 2 and 3, the court finds that these weigh against imposing attorney fees and cost against the Plaintiffs because while litigation has begun it has not progressed far, most of the filing deadlines have not passed, and the trial is not set to begin until April 29, 2025. Order, ECF No. 57. For factor 4, the court finds that this factor weighs against imposing attorney fees and costs because the Plaintiffs have exercised due diligence throughout the litigation, filed their Motion after the P.H.R. Defendants and Defendant C.C. suggested that they should, and have done so while looking for new counsel.

The court finds that it is not necessary to consider the merits of the case because an analysis of factors 1-4 clearly weigh against imposing attorney fees and costs as a condition of dismissing the action without prejudice. *Williams*, 227 F.R.D. at 540. In addition, the Ninth Circuit has held that the merits of a case only hold "some relevance" in the determination of whether to grant a voluntary motion to dismiss with or without prejudice. *Id.* (citing *Stevedoring Servs. of Am. v. Armilla Intern. B.V.*, 889 F.2d 919, 922 (9th Cir. 1989)).

Therefore, the court hereby **DENIES** the P.H.R. Defendants' request in its Opposition to impose attorney fees and costs.

### III. Conclusion

The court hereby **GRANTS** the Plaintiffs' Motion to Dismiss **WITHOUT** prejudice. The court hereby **DENIES** the P.H.R. Defendants' request for attorney fees and costs if the court were to dismiss without prejudice.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
    Chief Judge
**Dated: Sep 12, 2024**